# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: T.H.

No. 15-0964 (Raleigh County 14-JA-45-H)

## MEMORANDUM DECISION

Petitioner Father M.H., by counsel Adam D. Taylor, appeals the Circuit Court of Raleigh County's September 4, 2015, order terminating his parental rights to T.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Stanley I. Selden, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition against petitioner and the child's mother. In that petition, the DHHR alleged that petitioner had a prior involuntary termination of his rights to two older children. The issues present in the prior abuse and neglect proceeding were that petitioner abused heroin, crack cocaine, and prescription medication; the children were made to sleep on the floor of the living room because the bedrooms were rented to two adults; drug paraphernalia was visible and within reach of the children; and the home was unclean and lacked food, notwithstanding the receipt of food stamps for the family. Petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

was granted an improvement period in the prior abuse and neglect proceeding, which he failed to successfully complete. At the time of the instant petition's filing in March of 2014, petitioner was incarcerated on burglary charges, for which he was ultimately convicted. Petitioner's prior criminal history (2007 and 2013) is substantial and included eleven arrests and more than twenty criminal charges.

In July of 2014, the circuit court held an adjudicatory hearing while petitioner remained incarcerated. Following the presentation of the parties' evidence, the circuit court held the matter in abeyance in order to obtain copies of documents pertaining to petitioner's criminal proceedings. The circuit court stated that if it found that petitioner committed child abuse or neglect, then a dispositional hearing would be scheduled for November of 2014. The circuit court later ruled that petitioner had committed child abuse or neglect. It appears that petitioner filed a motion for an improvement period in July of 2014.[3]

In September of 2014, petitioner's prison sentence for his burglary convictions was suspended, and he was granted probation. A condition of that probation was that he seek inpatient substance abuse treatment. It appears that he was released from prison in August or September of 2014.

In November of 2014, the circuit court held a dispositional hearing. However, the circuit court continued that hearing until February of 2015. At the subsequent hearing held in February of 2015, the circuit court heard evidence and argument on whether petitioner should receive an improvement period. The parties also informed the circuit court that petitioner's paternity of the child had been called into question. To resolve the matter, the circuit court ordered a paternity test and continued the matter pending the outcome of that testing. The circuit court also ordered petitioner to submit to a psychological parental fitness evaluation. It was later determined that petitioner is the child's father.

In May of 2015, a multi-disciplinary team developed a case plan in anticipation of petitioner potentially being granted an improvement period. As part of that case plan, petitioner would be required to seek inpatient substance abuse treatment. Due to this condition, petitioner refused to sign that case plan.

In July of 2015, the psychologist completed petitioner's psychological evaluation report. In that report, the psychologist indicated that petitioner showed the personality traits of an addict; was at risk to deny his substance abuse addiction; failed to admit to prior cocaine use despite documentary evidence of such prior use; and that his "prognosis for the reliable attainment of minimally adequate parenting currently appears to be guarded."

---

[3]Petitioner failed to include his written motion for an improvement period in the record on appeal. Further, the nature of that motion is not readily apparent from the circuit court's docketing sheet, which appears to have conflated that motion with a separate motion for visitation filed in July of 2014. While petitioner now argues that he moved for a post-adjudicatory improvement period below, the circuit court indicated that petitioner filed a motion for a dispositional improvement period, which it treated as a motion for a post-adjudicatory improvement period based on the procedural posture of the case.

Days before the final hearing scheduled for late July of 2015, petitioner was involved in a vehicular accident. According to the investigating officer's statement, petitioner appeared to be intoxicated when he was located shortly after the accident. Petitioner was later criminally charged with the following three misdemeanors stemming from that incident: leaving the scene of an accident; failure to maintain control of his vehicle; and failure to maintain proper automobile insurance.

The circuit court held the final hearing in this matter in July of 2015. At the conclusion of that hearing, the circuit court found that petitioner failed to satisfy his burden to warrant a post-adjudicatory improvement period. Therefore, the circuit court denied that motion. Further, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future and the child's welfare required termination of petitioner's parental rights. For those reasons, the circuit court entered a detailed, twenty-one page final order on September 4, 2015, that terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner's sole assignment of error is that the circuit court erred in denying his motion for a post-adjudicatory improvement period. We have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]" Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . ."

We find that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period. While petitioner argues that he "exhibited nearly complete compliance" with the requests of DHHR workers (and the probation department in relation to his recent criminal proceedings), we disagree. To the contrary, petitioner failed to seek inpatient substance abuse treatment as required by both his criminal probation and his case plan in this proceeding and continued to abuse alcohol, as evidenced by the investigating officer's report regarding the car accident in July of 2015. Moreover, petitioner failed to successfully complete his improvement period in the prior abuse and neglect case; was incarcerated at the outset of these proceedings, which prevented him from parenting the child at that time; and was arrested on new charges during the pendency of the proceedings below. For those reasons, we find no merit to petitioner's contention that the circuit court abused its discretion in finding that he was unlikely to comply with the terms of an improvement period.[4]

For the foregoing reasons, we find no error in the circuit court's September 4, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[4]To the extent petitioner argues that the circuit court erroneously relied upon his July arrest, he cites no legal support for his argument. He further fails to indicate where he objected in the record below to that evidence. Regardless, the circuit court clearly noted that its consideration of those charges was limited to the understanding that petitioner "is presumed innocent of the alleged acts until proven guilty[.]"